U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY -9 PM 1:21

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| TRICIA BILODEAU, Individually, and as ADMINISTRATOR OF THE ESTATE OF MATTHEW BILODEAU, <br><br> Plaintiffs, <br><br> V. <br><br> USINAGE BERTHOLD, INC. and BERT TRANSMISSION, a DIVISION of USINAGE BERTHOLD, INC. <br><br> Defendants. | 5:22-cv-101 <br><br> COMPLAINT |

## COMPLAINT and DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs in the above-entitled action and hereby submit this Complaint and Demand for Jury Trial.

### I.   Cause of Action

1. This wrongful death and personal injury action arises from negligence in the State of Vermont.

## II. The Parties

2. The Plaintiff Tricia Bilodeau resides at 1693 Grove Street, Brandon, Vermont 05733. She is the duly appointed Administrator of the Estate of her husband Matthew Bilodeau, who died on April 5, 2021. Ms. Bilodeau is suing in her individual capacity and as the Administrator of the Estate of Matthew Bilodeau.

3. Defendant Usinage Berthold, Inc. and its Division, Bert Transmission, is a Canadian for-profit corporation that manufactures and sells a product called Bert Air Jack, among other products designed for use in auto racing, The Corporation is organized and existing under the laws of Canada, with its principal place of business located at 395 St. Regis North, Sant-Constant, Quebec, Canada J5A2E. The defendants conduct business in Vermont.

## III. Jurisdiction and Venue.

4. This case is brought under 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship. Plaintiff is a citizen of Vermont; defendant is a citizen of Canada; the amount in controversy (exclusive of interests and costs) exceeds $75,000. Diversity jurisdiction exists in this Court.

5. Venue lies in this Court under 28 U.S.C. § 1391(a)(2) because the events which gave rise to this action occurred in Brandon, Vermont.

## IV. Claims

6. On the evening of April 5, 2021, Matthew Bilodeau was working on his race car in his home garage at 1693 Grove Street, Brandon, Vermont 05733.

7.  Matthew Bilodeau was using two recently purchased, brand-new Bert Air Jacks to elevate the car on which he was working. A cousin and a neighbor were present.

8.  At around 8:00 p.m. an Air Jack collapsed and the car fell on Matthew Bilodeau. Mr. Bilodeau's neighbor used a second jack to raise the car from Mr. Bilodeau's body, and began administering CPR and called 911.

9.  Mr. Bilodeau was taken to Rutland Regional Medical Center and pronounced dead at 10:51 p.m.

10. The Bert Air Jack is supported by 2 legs, each of which is supported by a pin. On the Jack, there are 2 sets of slots for use, 2 inches apart. The slots are not marked and there is no indication which set of slots is the correct set to use to secure the legs.

11. The new Bert Air Jacks Mr. Bilodeau purchased came with no instructions or packaging inserts of any kind.

12. At the time of Mr. Bilodeau's purchase and use of the Bert Air Jacks, there were no online instructions for using the Bert Air Jack.

13. The Bert Air Jacks bore no arrows, markings, instructions, or guides anywhere on the product, to indicate how to stabilize the jack, where to place the pins; nor were there any warnings about the extreme danger that could result from improper placement of pins.

14. The Bert Air Jack collapsed and crushed Mr. Bilodeau, because the pins that secure the legs on the jack were inserted in the wrong set of slots.

## NEGLIGENCE: DEFECTIVE DESIGN AND FAILURE TO WARN

15. Paragraphs 1-14 are realleged.

16. The negligence of the defendants, as alleged above, caused Mr. Bilodeau's serious injuries and death on April 5, 2021.

17. Defendants' defective design of the Air Jack and failure to properly label and warn consumers, caused Mr. Bilodeau's death.

18. At all times mentioned herein, Usinage Berthold, Inc., and its Division, Bert Transmission, had a duty to exercise reasonable care in the development, design, testing for safety, manufacture, labeling, packaging, distribution, sale and releasing into the stream of commerce of the Bert Air Jack.

19. Usinage Berthold, Inc. and Bert Transmission breached their duty of reasonable care to plaintiffs in that they negligently designed, developed, manufactured, tested, inspected, promoted, marketed, distributed, labeled and/or sold the Bert Air Jack. Specifically, Usinage Berthold, Inc. and Bert Transmission failed to exercise reasonable care in ways that included, but were not limited to, the following:

    a. In their failure to design a safe, reliable air jack;

    b. In their failure to warn or instruct the public and consumers, including plaintiffs, of the dangerous and defective characteristics of the Bert Air Jack;

    c. In their failure to perform appropriate, reliable and valid pre-market testing of the Bert Air Jack pin system.

20. The Bert Air Jacks, as designed, manufactured and assembled by Usinage Berthold, Inc. and Bert Transmission, remained unchanged and were in the same condition at the time of Matthew Bilodeau's wrongful death herein alleged.

21. As a direct and proximate result of Usinage Berthold, Inc.'s and Bert Transmission's carelessness and negligence, and of the unreasonably dangerous and defective characteristics of the Bert Air Jack design and packaging, Matthew Bilodeau endured conscious pain and

suffering, both physical and emotional in nature, and death. Plaintiffs incurred significant pecuniary injuries and loss of consortium.

22. At all times material to this action, defendants Usinage Berthold, Inc. and its Division, Bert Transmission, manufactured, distributed and sold the Bert Air Jack in a defective and unreasonably dangerous condition, in ways which included, but were not limited to,

    a. when placed in the stream of commerce the Bert Air Jack was in a substandard, defective condition;

    b. when placed in the stream of commerce, the Bert Air Jack was unreasonably dangerous.

23. In light of the potential and actual risk of harm associated with the product's use, a reasonable person who had actual knowledge of the potential risk of harm would have concluded that Usinage Berthold, Inc. and Bert Transmission should not have marketed and sold the product in that condition.

24. Usinage Berthold, Inc. and Bert Transmission knew or should have known of the defective nature of the Bert Air Jack, but continued to package, distribute, market, promote and sell this product into the stream of commerce so as to maximize sales and profits at the expense of public health and safety, in conscious disregard of the foreseeable harm caused by their products' defective design and nonexistent warning and packaging.

## WRONGFUL DEATH

25. Paragraphs 1-24 are realleged.

26. The negligent and/or reckless acts, conduct and omissions of the defendants, as detailed above, caused the death of Matthew Bilodeau on April 5, 2021.

27. Under Vermont law, including 14 V.S.A. §§1491-1492, and the common law of Vermont, the defendants are liable for causing the wrongful death of Matthew Bilodeau, and for such monetary damages as are just under the circumstances, including, without limitation, the pecuniary injuries resulting from his death.

28. As a direct and proximate result of the negligence of the defendants, the Estate and heirs of Matthew Bilodeau, including his three minor children, have suffered pecuniary injuries, including but not limited to, loss of income from employment, loss of future earnings, the loss of society, affection, assistance, companionship, support, protection, loss of advice, loss of training, loss of counsel, loss of guidance and loss of paternal care and relationship with their father, Matthew Bilodeau.

## SURVIVAL ACTION

29. Paragraphs 1 – 28 are realleged.

30. As a direct and proximate result of the negligence of defendants, Matthew Bilodeau experienced severe personal injuries, including terror and conscious pain and suffering after the air jack collapsed causing the car to fall and crush him, and before his wrongful death.

31. Under Vermont law, including 14 V.S.A. §§1451-1453, Mr. Bilodeau's cause of action for negligence survives his death, and is an asset of his estate

## LOSS OF CONSORTIUM

32. Paragraphs 1 – 31 are realleged.

33. As a direct and proximate result of defendants' negligence, the plaintiff, Tricia Bilodeau, Matthew Bilodeau's widow, has incurred funeral, memorial and burial expenses. Surviving wife Tricia Bilodeau lost the consortium of her husband and the enjoyment of everyday life. She has experienced grief, loss of companionship, mental pain, anguish and emotional trauma. Plaintiff

Tricia Bilodeau has suffered the pecuniary loss of Matthew Bilodeau's income and services. The damages occasioned by such loss of the marital relationship, and love, companionship, and consortium as well as grief and anguish, are recoverable by plaintiff on behalf of herself individually under Vermont's wrongful death statute and the common law.

## **RELIEF**

**WHEREFORE**, Plaintiffs demand judgment of the Defendants for damages in an amount to be determined by the fact finder, plus costs; and to grant the plaintiffs such further relief as this Court may deem just and equitable.

Dated at Manchester, Vermont this 5th day of May, 2022.

By: _____
David J. Pollock, Esq.
Martin, Harding & Mazzotti, LLP
*Attorney for the Plaintiffs*
5046 Main Street
Manchester Center, Vermont 05255
david.pollock@1800law1010.com
(802) 375-1122